

**ORDERED in the Southern District of Florida on November 4, 2019.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:                                               Case No.: 19-17662-RAM

LISA ANN COOTS,                            Chapter 11

      Debtor.
_____/

**AGREED ORDER ON SECURED CREDITOR'S
MOTION FOR STAY RELIEF**

On October 29, 2019, the Court had scheduled a hearing on the Secured Creditors' Motion for Stay Relief ("**Stay Relief Motion**") filed by CMV Asset 3QM 2015, LLC, a Florida limited liability company, whose servicer is Florida Community Bank, N.A. (n/k/a Synovus Bank) ("**CMV**" or "**Lender**"). Adequate notice was provided of the Stay Relief Motion and the hearing thereon. No objections were filed to the Stay Relief Motion, and the Court is advised that CMV, the Debtor, Lisa Ann Coots ("**Mrs. Coots**" or "**Debtor**"), and the Debtor's non-debtor husband, Christopher Coots ("**Mr. Coots**," and collectively with Mrs. Coots, the "**Coots**") have entered into an agreement (the "**Agreement**") in resolution of the Stay Relief Motion, the material terms of

1

which are incorporated into this Order.[1] The Parties have agreed, and based on CMV's uncontested proffer at hearing the Court finds, as follows:

1. The amount due to CMV as of the Effective Date is **$5,534,441.36**, plus interest from and after April 16, 2019 at the statutory rate of 6.57% (as of the Effective Date) for a per diem interest rate of $996.20, plus attorneys' fees incurred since April 16, 2019 (estimated to be approximately $25,000 as of the Effective Date), plus attorneys' fees incurred by CMV thereafter, plus any escrow advances of any kind, real estate taxes, insurance advances, and any other sums advanced on behalf of or due from the Coots (the "**Indebtedness**"). The Indebtedness is due to CMV without offset, defenses, or counterclaims of any kind.

2. The Indebtedness is secured by a Mortgage and Security Agreement on the residential real property owned by the Coots located at 5225 Fairchild Way, Coral Gables, Florida (the "**Property**"), the legal description of which is as follows:

PROPERTY LEGAL DESCRIPTION

Lot 3, Block 6 of SNAPPER CREEK LAKES SUBDIVISION, according to the Plat thereof as recorded in Plat Book 57, Page(s) 86, of the Public Records of MIAMI-DADE County, Florida.

3. Florida Community Bank, N.A. (n/k/a Synovus Bank) is the holder and CMV is the owner of the Loan Documents including the Mortgage and Security Agreement.

4. On August 3, 2017, Florida Community Bank, N.A. (n/k/a Synovus Bank) ("**FCB**"), as servicer for CMV, initiated a foreclosure case styled *Florida Community Bank N.A. v. Coots, et al*, Case No. 2017-018808-CA-01 ("**Foreclosure Case**"), in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("**State Court**").

---

[1] A copy of the Agreement has been filed with the Court and any capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

5. During the Foreclosure Case, the Parties entered into multiple agreements to extend the time for the Coots' payment of the amounts due to CMV under the Loan Documents. CMV failed to timely pay amounts due to CMV in accordance with the settlement agreements.

6. On April 29, 2019 the State Court entered an *Agreed Final Judgment of Foreclosure* in the principal amount of $5,532,441.36, plus attorneys' fees of $2,000 against the Coots (the "**Final Judgment**").

7. A foreclosure sale on the Property was scheduled for June 11, 2019 at 9:00 a.m. The day before the scheduled foreclosure sale, Mrs. Coots filed a petition commencing this case.

For the reasons announced on the record, including the Parties' agreement, the Court finds good cause to grant the relief provided herein. Therefore, it is –

**ORDERED** as follows:

1. The Stay Relief Motion is GRANTED as provided herein.

2. CMV is granted immediate *in rem* stay relief with respect to the Property to permit CMV to move for the State Court, and for the State Court to schedule, a foreclosure sale of the Property on the first date available after February 15, 2020 ("**Rescheduled Foreclosure Sale**").

3. CMV is further granted complete and *in rem* stay relief to, *inter alia*, consummate a Rescheduled Foreclosure Sale and exercise all of its remedies with respect to the Property at any time after February 15, 2020, unless the Coots have fully complied with their obligations under the Agreement and the Indebtedness has been paid in full in cleared funds prior to that date.

4. The stay relief provided by this Order shall be *in rem* with respect to the Property and shall be effective notwithstanding any further voluntary or involuntary bankruptcy filing by or against Mr. Coots or Mrs. Coots, or any transferee, lessee, or any other debtor claiming an interest in the Property.

5. This Order may be recorded in conformity with § 362(d)(4) of the Bankruptcy Code and shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed within 91 days after the issuance of a certificate of title to the purchaser at the Rescheduled Foreclosure Sale, such that the automatic stay under § 362 of the Bankruptcy Code shall not apply to CMV's interest in the Property.

6. Mr. Coots has agreed not to file any bankruptcy case or assist in the filing of an involuntary bankruptcy case against him until at least 91 days after a certificate of title has been issued to the purchaser at the Rescheduled Foreclosure Sale.

7. In the event of a bankruptcy filing by Mr. Coots in violation of this Agreement, Mr. Coots has further agreed to waive the automatic stay under § 362(a) of the Bankruptcy Code with respect to the Property, to the extent applicable, in consideration of CMV's agreement in accordance with the terms of the Agreement to defer a foreclosure sale until after February 15, 2020. Mr. Coots has agreed that to the extent any stay applies with respect to the Property, CMV shall be entitled to relief from the automatic stay for cause, which may be granted upon an emergency basis upon the filing of a motion attaching a copy of the Agreement, and that he will assert no objection or defenses to such a motion.

8. The February 15, 2020 deadline for the effectiveness of complete stay relief shall not be subject to extension or modification for any reason other than that the Indebtedness (inclusive of all interest and attorneys' fees) has been paid in cleared funds prior that date.

9. In the event of any breach of the Agreement by the Coots prior to February 15, 2020, CMV shall be entitled to immediate and complete stay relief upon the filing of an affidavit with this Court attesting to such breach.

10. The Coots have agreed that they will not directly or indirectly interfere with or seek to postpone, reschedule or cancel the Rescheduled Foreclosure Sale or any other exercise of remedies by CMV with respect to the Property in accordance with the Agreement. In the event that the Rescheduled Foreclosure Sale is postponed as a result of any breach of the Agreement by the Coots, interest on the Indebtedness shall accrue at the rate 24% per annum or the maximum rate permitted by law from the date of such breach until the date that the Indebtedness is paid, provided that in no event shall the interest rate charged or collected be greater than that permitted by applicable law.

11. If the Indebtedness has not been paid in full in cleared funds prior to February 15, 2020, the Coots shall peaceably and permanently vacate the Property by no later than the date that a Certificate of Sale is issued. If the Coots fail to vacate the Property in accordance with the Agreement, CMV (or any successor in interest to CMV or purchaser of the Property by foreclosure sale) shall be entitled to immediate possession of the Property. In furtherance thereof, (a) the Coots have agreed to accept service of an eviction action, either through counsel or by mail to the Property address, (b) the Coots have agreed that they have no, and will assert no, defenses to an eviction action, (c) CMV shall be entitled to an immediate agreed order and final consent judgment of eviction; and (d) CMV has agreed not to enforce the eviction order unless and until a Certificate of Sale is issued for the Property.

12. The Coots shall continue to maintain and insure the Property until the earliest of (a) the date of payment of the Indebtedness in full in cleared funds; (b) the issuance of a Certificate of Sale; or (c) the Coots permanently vacating the Property in accordance with Section 9 hereof, provided that they shall give CMV at least 48 hours written notice prior to vacating the Property.

5

13. If the Coots have fully complied with the Agreement and the Property is sold at the Rescheduled Foreclosure Sale, CMV has agreed to waive the right to seek a deficiency judgment against the Coots in the event the Property is sold for an amount less than the Indebtedness.

14. Unless there has been a breach of the Agreement by the Coots, CMV has agreed to defer, until after February 15, 2020, the Coots' obligation to produce documents and appear for examination in accordance with the Notices of Rule 2004 Examination issued by CMV on October 7, 2019. If the Coots have fully complied with the Agreement and the Coots have either paid the Indebtedness in full prior to February 15, 2020 or the Property has been sold at a Rescheduled Foreclosure Sale, then the Notices of Rule 2004 Examination shall be withdrawn and deemed moot. If the Coots breach this Agreement, then they shall produce documents and appear for the examinations within five (5) business days of notice of such breach from CMV.

15. The time for CMV to file an action objecting to dischargeability of its debt under § 523 of the Bankruptcy Code is extended until 30 days after February 15, 2020.

16. Pursuant to the Agreement, the Coots release, remise, quit, satisfy and forever discharge CMV and FCB and each of their agents, employees, officers, directors and attorneys of and from any and all manner of action or actions, causes, causes of action, suits debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, liabilities and demands whatsoever, in law or equity, which the Coots ever had, now have or which any person or representative, successor, heir or assign of the Coots, hereafter can, shall or may have, against CMV or FCB, their respective employees, agents and attorneys, including, but not limited to, any defenses, counterclaims or setoffs of any kind in connection with the making, closing,

administration, collection, or enforcement of the original Loan Documents, the Agreement, or any other related agreements.

17. On or before January 15, 2020, CMV shall file and serve an affidavit attesting to the total amount of the Indebtedness including interest, attorneys' fees, and all other amounts due as of the date thereof, with per diem interest calculated through February 15, 2020. Such amount shall be binding upon the Coots unless they file an objection thereto within seven (7) days thereafter. If an objection is timely filed, the Court will conduct a hearing within seven (7) days thereafter to rule on any objections.

18. The Court retains jurisdiction to enforce and construe the provisions of this Order and the Parties' Agreement. The Parties have consented to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under the Agreement.

19. All other terms of the Agreement are approved. The failure to incorporate any particular terms does not in any way impair their effectiveness or enforceability.

###

**ORDER SUBMITTED BY:**
David L. Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Tel:    (305) 372-1800
Email: drosendorf@kttlaw.com
Counsel for CMV Asset 3QM 2015, LLC

**COPIES FURNISHED TO:**
David L. Rosendorf, Esq.
[Attorney Rosendorf is directed to serve copies of this order on all interested parties and to file a certificate of service]