**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No.: 19-17662-RAM** |
| **LISA ANN COOTS,** | **Chapter 11** |
| Debtor. _____/ | |

### CMV'S MOTION TO ENFORCE STAY RELIEF ORDER
### (Expedited Relief Requested)

Secured creditor CMV Asset 3QM 2015, LLC ("**CMV**"), whose servicer is Florida Community Bank, N.A. (n/k/a Synovus Bank), moves to enforce the Court's November 5, 2019 Agreed Order on Secured Creditor's Motion for Stay Relief (ECF#76), and for sanctions, and states:

1.  On June 10, 2019, one day prior to a foreclosure sale scheduled by CMV of the property located at 5225 Fairchild Way, Coral Gables, Florida ("the "**Property**") after obtaining a Agreed Final Judgment of Foreclosure in Miami-Dade County Circuit Court ("**State Court**"), Lisa Ann Coots filed a voluntary Chapter 11 petition commencing this case. For the nearly two years prior to the petition date, Mrs. Coots and her husband, Christopher Coots, had failed to make mortgage payments to CMV, and had entered into multiple settlement agreements during the foreclosure case affording them additional time to refinance or sell the Property, each of which the Coots breached.

2.  On October 4, 2019, CMV filed a Motion for Relief from Automatic Stay ("**Stay Relief Motion**," ECF#53) seeking to reset its foreclosure sale. The Court conducted a hearing on the Stay Relief Motion on October 29, 2019, at which time CMV, Mrs. Coots and Mr. Coots

1

announced an agreed-upon resolution that was documented in an agreement filed with the Court ("**Agreement**," ECF#75) and memorialized in the Court's Agreed Order on Secured Creditor's Motion for Stay Relief ("**Stay Relief Order**," ECF#76) entered November 5, 2019.

3. The Stay Relief Order provides, *inter alia*:

(1) The Indebtedness due to CMV of $5,534,441.36 as of April 16, 2019, plus attorneys' fees, interest, escrow advances, real estate taxes, insurance advances and any other sums advanced by CMV on behalf of the Coots ("**Indebtedness**") is due without offset, defenses or counterclaims of any kind;

(2) CMV was granted immediate *in rem* stay relief to reschedule a foreclosure sale for the first available date after February 15, 2020 ("**Rescheduled Foreclosure Sale**");

(3) CMV was granted complete and *in rem* stay relief to consummate the foreclosure sale and exercise all of its remedies at any time after February 15, 2020 unless the Coots complied with their obligations under the Agreement and the Indebtedness was paid in full prior to that date;

(4) The *in rem* stay relief would be effective notwithstanding any further voluntary or involuntary bankruptcy filing by Mrs. Coots or Mr. Coots or any transferee, lessee or any other debtor claiming an interest in the Property;

(5) The automatic stay under § 362 of the Bankruptcy Code shall not apply to CMV's interest in the Property;

(6) Mr. Coots agreed not to file any bankruptcy case or assist in the filing of an involuntary bankruptcy case against him until at least 91 days after a certificate of title was issued to the purchaser at the Rescheduled Foreclosure Sale;

(7) In the event of a bankruptcy filing by Mr. Coots in violation of the Agreement, Mr. Coots agreed to waive the automatic stay and that CMV would be entitled to stay relief for cause which may be granted on an emergency basis upon the filing of a motion attaching a copy of the Agreement, and that he would assert no objection or defenses to the motion;

(8) The February 15, 2020 deadline for effectiveness of complete stay relief shall not be subject to extension or modification for any reason other than that the Indebtedness has been paid in full;

(9) In the event of any breach of the Agreement, CMV is entitled to immediate and complete stay relief upon filing an affidavit attesting to the breach; the Coots agreed not to directly or indirectly interfere with or seek to postpone, reschedule or cancel the Rescheduled Foreclosure Sale, and in the event of any postponement as a result of a breach

of the Agreement, interest on the Indebtedness will accrue at the rate of 24% from the date of such breach until the Indebtedness is paid.

(10)    Provided a reservation of jurisdiction for this Court to construe and enforce the Stay Relief Order.

4.    As a result of the Stay Relief Order, the Coots have had more than eight months since Mrs. Coots filed bankruptcy – which was itself filed on the eve of a foreclosure sale after the foreclosure action had been ongoing for nearly two years – to sell or refinance the Property and pay off the Indebtedness.

5.    Consistent with the Stay Relief Order, on December 2, 2019, CMV filed a Motion to Reschedule Foreclosure Sale in State Court to reset the foreclosure sale for first available date after February 15, 2020. On December 10, 2019, the State Court entered an Agreed Order rescheduling the foreclosure sale for February 18, 2020 at 9:00 a.m.

6.    On February 12, 2020, Mrs. Coots filed an Emergency Motion to Refinance Mortgage on Primary Residence and to Incur Post-Petition Debt ("**Refinance Motion**," ECF#90), seeking authority on an emergency basis to approve a refinancing to close by Friday February 14, 2020 in order to comply with the Stay Relief Order.

7.    The Refinance Motion was heard on an emergency basis by Judge Cristol on February 13, 2020, and the Court entered an Order granting the Refinance Motion (ECF#93) authorizing Mrs. and Mr. Coots to take all steps necessary to complete the refinancing in order to pay the Indebtedness.

8.    On Friday February 14, 2020, after this Court granted the Refinance Motion, the Coots filed an Emergency Motion to Cancel and/or Reschedule Foreclosure Sale in the State Court seeking to postpone the rescheduled February 18 foreclosure sale, claiming that they intended to close the refinancing February 14, but were unsure if they would be able to fund by (Saturday)

3

February 15. The filing of the Emergency Motion to Cancel was a breach of the Agreement and a violation of the Stay Relief Order. The State Court scheduled a hearing on the Emergency Motion to Cancel for Tuesday, February 18, 2020 at 9:30a.m.

9. On the morning of Tuesday February 18, 2020, Mr. Coots filed a voluntary Chapter 11 bankruptcy case in the Southern District of Florida, Case No. 20-12133-RAM, and filed a Suggestion of Bankruptcy in the State Court. The filing of the bankruptcy case, and filing of the Suggestion of Bankruptcy, were also a breach of the Agreement and a violation of the Stay Relief Order. Although the Suggestion of Bankruptcy should not have affected the rescheduled foreclosure in accordance with the relief ordered by this Court, its filing had the intended effect: the State Court clerk's office automatically canceled the rescheduled foreclosure sale. The Coots' counsel did not appear for the scheduled hearing on their Emergency Motion to Cancel. At hearing, the State Court entered an order rescheduling the foreclosure sale for the next available date, which is March 23, 2020.

10. The Coots are in breach of their Agreement with CMV by (1) filing the Emergency Motion to Cancel, in breach of their obligations under Paragraph 8 of the Agreement and Paragraph 10 of the Stay Relief Order; and (2) Mr. Coots filing a bankruptcy petition and Suggestion of Bankruptcy, in breach of Paragraphs 5 and 8 of the Agreement and Paragraphs 6 and 10 of the Stay Relief Order.

11. It now appears clear that the Coots never had an ability or intention to timely close on a refinancing before the February 15, 2020 deadline for payment of the Indebtedness, and that they deliberately delayed seeking, and seeking approval of, a refinancing to have a thinly veiled excuse for noncompliance with the deadline to repay the Indebtedness. Their conduct is simply an ongoing abuse of the court system to prevent CMV from completing a foreclosure sale of the

Property, which they have now occupied for more than three years without making mortgage payments.

12.   As a result of the postponement of the rescheduled foreclosure sale due to the Coots' breaches, and in accordance with Paragraph 8 of the Agreement and Paragraph 10 of the Stay Relief Order, interest shall accrue on the Indebtedness at the rate of 24% per annum from the date of such breach (February 18, 2020) until the date that the Indebtedness is paid. In addition, in accordance with Paragraph 2 of the Agreement and Paragraph 1 of the Stay Relief Order, CMV is entitled to all attorneys' fees incurred since April 16, 2019, including without limitation all attorneys' fees and costs incurred in connection with preparing for and appearing for hearing on the Emergency Motion to Cancel, in connection with rescheduling the foreclosure sale, and in connection with any further relief required in this bankruptcy case or in Mr. Coots' bankruptcy case.

13.   In addition, under Paragraph 14 of the Stay Relief Order, the Coots are required to produce all documents responsive to CMV's Notices of Rule 2004 Examination and appear for examinations within five (5) business days of notice of breach.

14.   CMV further requests that the Court prohibit any further interference with the foreclosure sale under penalty of contempt.

15.   The Court has set a hearing in Mr. Coots' case for Thursday, February 27 at 10:30 a.m. on an Emergency Application to Employ Counsel. CMV requests that, to the extent hearing is required on this motion, it be set at the same time so that the State Court has such clarification as it may need with respect to the rescheduled foreclosure sale without any further delay.

**WHEREFORE**, CMV requests the entry of an Order:

(1)   determining that the Coots are in breach of the Agreement;

(2) declaring that any automatic stay triggered by Mr. Coots' filing of a bankruptcy petition does not apply to the Property;

(3) determining that CMV is entitled to interest at a rate of 24% per annum on the Indebtedness from February 18, 2020 until paid in full;

(4) determining that CMV is entitled to all attorneys' fees and all costs incurred as a result of the Coots' breach of the Agreement, including without limitation the costs of resetting the sale;

(5) ratifying the State Court's entitlement to reset the foreclosure sale on the first available date;

(6) directing the Coots to produce all documents responsive to CMV's Notices of Rule 2004 Examination and make themselves available for examination within five (5) business days;

(7) prohibiting any further interference with the foreclosure sale under penalty of contempt; and

(8) directing and granting such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    KOZYAK TROPIN & THROCKMORTON, LLP
    *Counsel for CMV Asset 3QM 2015, LLC*
    2525 Ponce de Leon, 9th Floor
    Coral Gables, FL  33134
    Telephone: (305) 372-1800
    Facsimile: (305) 372-3508

    By: /s/ *David L. Rosendorf*
        David L. Rosendorf
        Florida Bar No. 996823
        dlr@kttlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on all parties registered to receive such notice as reflected in the Notice of Electronic Filing this 24th day of February, 2020.

By: /s/ *David L. Rosendorf*
David L. Rosendorf